United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIAN GALVAN SILVAS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00070 |
| | § | |
| DOCTOR VILLEREAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Julian Galvan Silvas, Jr., appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  At the time he filed this action, he was confined as a pretrial detainee at the Nueces County Jail in Corpus Christi, Texas.  Plaintiff is currently a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is residing at the Beto Unit in Tennessee Colony, Texas. For the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

## I.      BACKGROUND

Subsequent to the filing of this action, Plaintiff filed four additional prisoner civil rights action, Case Nos. 2:22-cv-78, 2:22-cv-86, 2:22-cv-92, and 2:22-CV-99.  In all five cases, Plaintiff raised claims concerning the conditions of his confinement at the Nueces County Jail.  On May 6, 2022, the undersigned issued orders directing that: (1) all five

cases filed by Plaintiff be consolidated into a single case under the instant case; (2) that all future filings in these consolidated cases be filed in this case; (3) Case Nos. 2:22-cv-78, 2:22-cv-86, 2:22-cv-92, and 2:22-CV-99 be administratively closed; (4) United States District Judge David S. Morales shall remain the presiding judge of this consolidated action; and (5) the undersigned shall remain the referral judge for case management. (D.E. 11, 12).

Due to difficulties encountered in evaluating Plaintiff's claims as they were presented across several complaints, the undersigned issued a separate Order on May 6, 2022, directing Plaintiff to file a Comprehensive Amended Complaint on or before June 6, 2022. (D.E. 10). In the May 6, 2022 Order, the undersigned directed Plaintiff to prepare his Comprehensive Amended Complaint on a proper § 1983 form, complete each portion of the form complaint, and present all his claims. (*Id.* at 2). The undersigned further directed Plaintiff to list each Defendant he sought to sue and to answer several questions with respect to each defendant. (*Id.* at 2-3).

After being warned not to submit any letters to the Court containing allegations about wrongdoing at the Nueces County Jail, the undersigned reiterated that Plaintiff must raise all his allegations and claims in the Comprehensive Amended Complaint. (*Id.* at 3). Lastly, the undersigned included the following instruction in the May 6, 2022 Order: "**Failure to comply with each of the instructions provided above in a timely and proper manner may result in the dismissal of this action for want of prosecution and**

**for failure to comply with court orders. See Fed. R. Civ. P. 41(b)."** (*Id.* at 4) (emphasis in original).

In response to the May 6, 2022 Order, Plaintiff submitted a two-page document entitled "Comprehensive Amended Complaint." (D.E. 16). On May 17, 2022, the undersigned struck Plaintiff's "Comprehensive Amended Complaint" from this action because it failed in the following respects to comply with the instructions provided in the May 6, 2022 Order: (1) Plaintiff did not submit his pleading on a § 1983 form complaint; (2) Plaintiff did not provide answers to many of the questions seeking relevant information about each defendant named in his skeletal "Comprehensive Amended Complaint"; and (3) Plaintiff failed to sign and execute his pleading as well as include a declaration that all of the allegations set forth therein were true and correct. (D.E. 19).

As part of the May 17, 2022 Order, the undersigned provided Plaintiff with one final opportunity to present his claims in a Comprehensive Amended Complaint on or before June 13, 2022. (D.E. 19 at 3-4). The undersigned directed Plaintiff to: (1) prepare his Comprehensive Amended Complaint on a proper § 1983 form; (2) label his pleading on the top of the first page of the completed § 1983 form complaint as "Plaintiff's Comprehensive Amended Complaint"; (3) complete each portion of the form complaint; (4) present specific facts in support of his claims; and (5) list each Defendant he seeks to sue and answer several questions with respect to each defendant. (*Id.*).

After being warned again not to submit any separate letters or documents to the Court containing allegations about wrongdoing at the Nueces County Jail, the undersigned

reiterated that Plaintiff must raise all his allegations and claims in the Comprehensive Amended Complaint. (*Id.* at 4). Lastly, the undersigned included the following instruction in the May 17, 2022 Order: "**Failure to comply with each of the instructions provided above in a timely and proper manner may result in the dismissal of this action for want of prosecution and for failure to comply with court orders. See Fed. R. Civ. P. 41(b)**." (*Id.* at 4) (emphasis in original).

On May 26, 2022, the Court received Plaintiff's Notice of Change of Address, reflecting that he had been transferred to the Garza West Unit in Beeville, Texas. (D.E. 20). Out of concern that Plaintiff did not receive the May 17, 2022 Order before his transfer, the undersigned issued an Order on May 31, 2022, directing: (1) the Clerk of the Court to send Plaintiff a copy of the May 17, 2022 Order; (2) Plaintiff to comply with all instructions set forth in the May 17, 2022 Order in connection with filing his Comprehensive Amended Complaint; and (3) Plaintiff to file his Comprehensive Amended Complaint on or before June 27, 2022. (D.E. 22). The undersigned warned Plaintiff that, with respect to his Comprehensive Amended Complaint "he may only present allegations and claims in this consolidated action arising in connection with his stay at the Nueces County Jail." (*Id.* at 2). Lastly, Plaintiff was warned that: "**Failure to comply with each of the instructions provided in the May 17, 2022 Order (D.E. 19) and [the May 31, 2022 Order] in a timely and proper manner may result in the dismissal of this action for want of prosecution and for failure to comply with court orders. See Fed. R. Civ. P. 41(b)**." (*Id.* at 2) (emphasis in original).

On June 13, 2022, Plaintiff submitted a completed § 1983 form complaint to which he attached three pages.  (D.E. 32).  Plaintiff's complaint was docketed as his First Amended Complaint.  Plaintiff names the following prison official in his First Amended Complaint: (1) Dr. Villereal, Nueces County Jail; (2) Grievance Officer V. Wilson, Nueces County Jail; (3) Chief Rios, Nueces County Jail; (4) all 3rd floor nurses of the Nueces County Jail; (5) Sheriff Hooper, Nueces County; (6) Sgt. Kiser, Byrd Unit; (7) Capt. Collins, Byrd Unit; Warden Johnson, Byrd Unit; and (8) Sgt. Salazar, Byrd Unit.  (*Id.* at 3, 6-7).  Plaintiff alleges the following sparce facts:

- Dr. Villereal refused medical attention for Plaintiff when his foot was injured.

- Grievance Officer Wilson did not address Plaintiff's grievances.

- Chief Rios failed to help Plaintiff with his problems.

- the 3rd floor nurses refused to help Plaintiff when he was in bad pain.

- Sheriff Hooper failed to assist Plaintiff's injury to his foot by sending him to the hospital.

- Plaintiff then suffered nights without sleep because his issues were not resolved at the Nueces County Jail.

- Sgt. Kiser from the Byrd Unit assaulted Plaintiff.

- Capt. Collins from the Byrd Unit commanded his subordinate officers to treat Plaintiff badly.

- Warden Johnson from the Byrd Unit failed to help Plaintiff with these issues as well as the fact his cell has no running water.

- Sgt. Salazar failed to provide Plaintiff with water in excessive heat conditions.

(*Id.* at 6-7).

Plaintiff does not indicate whether he seeks to sue Defendants in their individual capacity, official capacity, or both.  He seeks relief in the form of charges filed and his freedom from TDCJ custody.  (*Id.* at 4).  After filing his First Amended Complaint, Plaintiff has filed a series of letters in this consolidated action, complaining about incidents that occurred while housed at the Byrd Unit and his current housing assignment at the Beto Unit.  (D.E. 35, 36, 38, 40, 41).

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243, 247-48 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978).

This action is subject to dismissal under Rule 41(b) because Plaintiff has failed to comply with Court orders in several respects.  In response to the undersigned's initial May 6, 2022 Order directing him to file a Comprehensive Amended Complaint, Plaintiff submitted a two-page document "Comprehensive Amended Complaint" that wholly failed to comply with that order's instructions.

When Plaintiff was provided another opportunity to submit a Comprehensive Amended Complaint, Plaintiff again failed to comply with the Court's detailed instructions set forth in the May 17, 2022 Order (D.E. 19).  First, Plaintiff failed to label his pleading as a "Comprehensive Amended Complaint."  Second, Plaintiff failed to indicate whether he sues these defendants in their individual capacity, official capacity, or both.

More importantly, Plaintiff did not provide answers to the questions and directives set forth in the May 17, 2022 Order which sought to elicit relevant information from Plaintiff about each defendant named in a Comprehensive Amended Complaint.  Plaintiff failed to allege specific facts in his First Amended Complaint describing what each defendant did to violate Plaintiff's rights, including setting forth dates as to when the events forming the basis of each event occurred.  Rather, with respect to events occurring at the Nueces County Jail,  Plaintiff alleges in a conclusory fashion that jail officials failed to assist him with respect to a foot injury.  Plaintiff provides no specific facts describing the extent of his foot injury, how it was injured, and the particular actions taken by Nueces County officials in denying or delaying Plaintiff medical attention.

Plaintiff's First Amended Complaint also fails to comply with the undersigned's May 31, 2022 Order (D.E. 22).  In that order, the undersigned warned Plaintiff that, with respect to his Comprehensive Amended Complaint "he may only present allegations and claims in this consolidated action arising in connection with his stay at the Nueces County Jail."  (*Id.* at 2).  Plaintiff, however, impermissibly named prison officials from the Byrd Unit in his First Amended Complaint and sought to raise claims against them arising out of incidents occurring during his stay at the Byrd Unit.  (*See* D.E. 32, pp. 6-7).

Plaintiff subsequently has filed several letters in an attempt to raise claims arising out of additional incidents occurring at the Byrd Unit and Beto Unit.  (D.E. 35, 36, 38, 40, 41).  Plaintiff had been repeatedly warned in Court orders not to present claims to the Court piecemeal through his various letters and to instead submit all claims related to his stay at the Nueces County Jail in his Comprehensive Amended Complaint.  (*See* D.E. 10, 19, 22).  Plaintiff, therefore, is willfully ignoring the Court's repeated instructions to raise claims in one Comprehensive Amended Complaint only arising from his stay at the Nueces County Jail.

## III.    RECOMMENDATION

For the reasons discussed above, Plaintiff's First Amended Complaint (D.E. 32) fails to comply with Court orders.  Plaintiff has been previously warned in several orders that this action may be dismissed for failure to comply with Court orders.  (D.E. 10, 19, 22).  Dismissal is therefore warranted under these circumstances. *See Larson*, 157 F.3d at

Case 2:22-cv-00070   Document 42   Filed on 07/08/22 in TXSD   Page 9 of 10

1031.  Accordingly, the undersigned respectfully recommends that Plaintiff's consolidated action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).


      Respectfully submitted on July 8, 2022.

                           Julie K. Hampton
                           United States Magistrate Judge

9 / 10

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).